IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AUGUST DURANTE, JR. | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | No. 10-1473 |
| TREDYFFRIN TOWNSHIP | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                               **March 28, 2011**

Plaintiff August Durante, Jr. filed this action against his former employer, Defendant Tredyffrin Township (Township), alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 et seq. The Township asks this Court to grant summary judgment in its favor, asserting Durante was fired due to cost-cutting measures implemented in response to a municipal budget crisis. For the following reasons, the Township's motion is granted.

**FACTS**

Durante was employed by the Township's Public Works Department from July 1977 to July 22, 2009. In February 1990, Durante was promoted to the position of foreman, a title he held until his termination. As a foreman, Durante supervised a work crew responsible for cutting grass, weeding, collecting debris, repairing machines, and clearing snow, among other maintenance duties in the Township.

From October 1998 until March 2006, Durante reported to Steve Norcini, Assistant Director of Public Works, with whom he had a collegial working relationship. On March 22, 2006, Charles Puelo was hired as an Assistant Director of Public Works and became Durante's new supervisor.

1

Durante experienced difficulties working for Puelo. Between 2008 and July 2009, Norcini told Durante several times he and Puelo were displeased with the way Durante's crew was performing its work, particularly the work at the Township's largest property, the 90-acre Wilson Farm Park (WFP). Puelo and Norcini both asked Durante to work more efficiently and to take on more tasks. Durante alleges the increased work, shorter deadlines, and intensified scrutiny of his work were part of a scheme to create a record of poor performance as a pretense for his subsequent termination. The record shows, however, that Durante received far fewer work orders than at least two of the fourt other foremen employed during the period from March 11, 2009, to July 21, 2009.[1]

Meanwhile, the Township began facing serious budget problems in 2008, including running a deficit of almost $3 million. At a November 2008 meeting which Durante attended, Township residents complained the municipality paid its employees too much money and provided too many benefits. In March 2009, the Township created a Budget Advisory Working Group (BAWG) to determine how to remedy the Township's budget shortfall. Due to the budget problems and public pressure, the Township imposed budget controls on hiring and purchasing. Because of these restrictions, Durante was forced to use a smaller crew to complete his maintenance tasks from 2008 to 2009, which he claims caused him a considerable amount of stress and led to his poor performance.

Norcini and Puelo scheduled a meeting with Durante for June 4, 2009, to discuss his ongoing performance issues and the unsatisfactory condition of WFP. Durante failed to attend the meeting

---

[1] During that period, Durante received 17 work orders, while foreman Dean Wilkins was assigned 80 work orders and another foreman, Roger Miller, was assigned 74 work orders. *See* Def.'s Mot. for Summ. J. Ex. K. Wilkins, who received the most work orders during the period immediately preceding Durante's termination, was retained and promoted to perform the tasks previously assigned to Durante.

because he was out sick, and the meeting was rescheduled for June 25, 2009. The notice of the meeting, which was sent to Durante, explained the meeting was a "high" priority and detailed some of the issues Norcini intended to cover relating to Durante's job performance. For reasons which are unclear, this rescheduled meeting did not take place.

On June 19, 2009, Durante asked Township Manager Mimi Gleason about the possibility of retiring early while retaining the full pension benefits normally surrendered by early retirement. Gleason said she would look into it. Gleason also informed Durante that Norcini and Puelo were dissatisfied with his performance. Although Gleason and Norcini were contemplating the elimination of Durante's position at this time, Gleason did not inform Durante of this fact.

On July 16, 2009, Gleason met with three Township supervisors and told them Durante had requested an early retirement package. At the same meeting, she relayed Norcini and Puelo's concerns about Durante's performance to the supervisors. Norcini also appeared at the meeting to discuss Durante's poor performance. Gleason told the supervisors she did not support giving Durante his full pension, but she did recommend that he receive retiree medical benefits. The supervisors decided to terminate Durante's position, along with that of another foreman who had decided to retire, but declined to award Durante medical benefits.

On July 22, 2009, Gleason informed Durante the Township was eliminating his position and that he would not be entitled to a full pension or medical benefits. Instead, Durante was offered full pay and benefits through December 31, 2009. Durante emailed Gleason expressing his displeasure at this result, and Gleason reiterated to Durante that his position was eliminated and his request for full retirement benefits had been denied. Durante was 55 years old at the time of his termination.

In August 2009, BAWG sent its preliminary proposal to Gleason, in which it advised the

Township's budget problems could be ameliorated by eliminating all but one Public Works foreman. In September 2009, the Township finished its implementation of the BAWG plan and laid off 11 employees, including Puelo, based on merit evaluations by the directors of each department. Eight of the laid-off employees were younger than Durante. The Township retained and promoted Dean Wilkins, a foreman two years younger than Durante, as the sole remaining general Public Works foreman.

Durante thereafter filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC), and received a Notice of Right to Sue from the EEOC. On April 2, 2010, Durante filed the instant suit, alleging that his termination violated the ADEA and the PHRA and that he was retaliated against for exercising his ADEA rights.

**DISCUSSION**

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To defeat such a motion, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal punctuation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" *Id.*

The Township argues it is entitled to summary judgment because Durante has failed to demonstrate he was discriminated against based on his age in violation of the ADEA and the PHRA. To prove a prima facie case of age discrimination under the ADEA and PHRA, Durante must show

4

he was (1) over 40, (2) qualified for the position, (3) subject to an adverse employment action, and (4) "replaced by a sufficiently younger person."[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Anderson v. CONRAIL*, 297 F.3d 242, 249 (3d Cir. 2002). If an employee has been terminated in the context of a the reduction-in-force (RIF), the fourth element is satisfied by showing the employer retained a "sufficiently younger" employee similarly situated to the plaintiff. *Id*. After a prima facie case is made, the defendant must show a legitimate, nondiscriminatory reason for the employment action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant does so, the plaintiff then bears the burden of showing the defendant's purported reason is not believable or an improper motive was the true cause of his termination. *Gross v. FBL Fin. Servs.*, 129 S. Ct. 2343, 2351 (2009). A plaintiff must prove age was the "but-for" cause of his termination–merely showing age was a factor in the employment decision is insufficient. *Id.* In short, to survive a motion for summary judgment on an ADEA claim, a plaintiff must identify evidence in the record which would "allow[] the fact finder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Fuentes v. Perskie*, 32 F.3d 759, 762 (3d Cir. 1994).

The Township first argues Durante failed to make a prima facie case under the ADEA because this is a RIF case and Durante has not shown the Township "retained a sufficiently younger similarly situated employee." *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 300 (3d Cir. 2004). Before July 2009, the Township employed five foremen. Within two months of Durante's

---

[2] "[T]he PHRA is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently." *Fogelman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567 (3d Cir. 2002) (citation omitted). As the parties have not identified any language in the PHRA that would justify different treatment in this matter, Durante's ADEA and PHRA claims will be evaluated using an identical analysis.

termination, the Township retained only two foremen. The remaining foremen, Wilkins and Jeffrey Knighton, were both 53 years old–only two years younger than Durante–a gap which the Township argues is not sufficient to made a prima facie case for age discrimination. Further, the Township argues Durante admitted he was not fired due to his age, but because his termination enabled the Township to save the money it would have paid him in retirement benefits, which cannot create an age discrimination claim. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (declining to find a viable age discrimination claim when the employee was fired to avoid paying his pension). The Township also argues that even if Durante made out a prima facie case of age discrimination, there is no reason to believe the Township's stated reason for dismissal–its budget deficit–is pretextual.

Any one of the Township's arguments would be sufficient to render judgment in its favor on Durante's ADEA claim. This is clearly a RIF situation, given the Township's undisputed budget problems and the termination of numerous Public Works positions. Thus, Durante's claims fails because, under the circumstances, the two-year age gap between Durante and the remaining foremen is insufficient to show a "sufficiently younger" employee was retained. *See Hill v. Bethlehem Steel Corp.*, 729 F. Supp. 1071, 1074 n.5 (E.D. Pa. 1989) (holding that, in an RIF case, an age gap of slightly more than two years did not show the retained employee was sufficiently younger); *see also Higgins v. Hosp. Cent. Serv., Inc.*, No. 04-74, 2004 WL 2850079, at *7 (E.D. Pa. Dec. 9, 2004) (collecting cases from district courts in this circuit to conclude that an age gap of less than five years is insufficient to create an inference of age discrimination). If anything–as Durante himself concedes–the facts here indicate only that the Township sought to fire Durante "in order to promote another [slightly younger] foreman with a lot less seniority, who would be 'cheaper' for the

Township." Pl.'s Br. at 2 (punctuation in original). Under Supreme Court precedent, such a claim fails as a matter of law because an employer is free to fire an employee based on seniority or a desire to avoid pension obligations. *See Hazen*, 507 U.S. at 612 (holding a company does not violate the ADEA when it fires an older employee to prevent the employee from becoming eligible for pension benefits because such a decision "would not be the result of an inaccurate and denigrating generalization about age"). The ADEA protects only against discrimination based on age, and nothing in this case indicates age was even a motivating factor in Durante's termination, let alone the but-for cause of his termination. Similarly, there is no evidence to show the Township's stated reasons for Durante's termination–an impending budget crisis and Durante's poor performance–were pretextual. The evidence shows Township supervisors were in the process of identifying Public Works employees whose positions should be eliminated to help balance the municipal budget. Durante was the first foreman to be fired; however, it appears his termination occurred earlier than the other Public Works employees because Durante's supervisors were unhappy with his performance. Durante's ADEA and PHRA age discriminate claims thus fail.

Next, the Township argues Durante's claim for retaliation fails because he has not shown he engaged in a protected activity or that such activity was the cause of his termination. To establish a claim for retaliation, a plaintiff must show (1) he was engaged in protected activities, (2) the employer took an adverse employment action after or at the same time as the employee's protected activity, and (3) a causal link exists between the protected activity and the adverse action. *Glanzman v. Metro. Mgmt. Co.*, 391 F.3d 506, 515-16 (3d Cir. 2004). An employee engages in protected conduct when he "opposes discrimination on the basis of age." *Barber v. CSX Distribution Serv.*, 68 F.3d 694, 702 (3d Cir. 1995). While a formal complaint is not required, "[a] general complaint

of unfair treatment does not translate into a charge of illegal age discrimination." *Id.*

Durante claims his statement to Gleason regarding Norcini's treatment of him constitutes a protected activity. At his deposition, Durante asserted he told Gleason during their June 19, 2009, meeting that Norcini was trying to get rid of him because, as a higher-paid foreman and an employee who would soon be eligible for retirement, he was "expendable." Def.'s Mot. for Summ J. Ex. C, 288. He admits he did not use the term "discrimination" during his conversation with Gleason, nor did he tell Gleason he felt his *age* was the reason for Norcini's treatment of him. Because Durante did not allege discrimination on the basis of age, he did not engage in protected activity and his retaliation claim also fails.

Accordingly, summary judgment in favor of the Township is appropriate on all of Durante's claims. An appropriate order follows.

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez, J.